## LUCINDA E. POGNE *v.* WILLIAM P. HICKMAN and others.

Where the original protest of a bill or note was produced in evidence on the trial below,
without objection, the fact that the record does not show that the protest had been
recorded by the notary, pursuant to the act of 14 February, 1821, is immaterial.
In the absence of any proof that it was not recorded, it will be presumed that the
notary complied with the law.

APPEAL from the District Court of Rapides. *King*, J.
*Dunbar, Hyams* and *Elgee*, for the plaintiff.
*Brent* and *O. N. Ogden*, for the appellants.
SIMON, J.    The defendants are appellants from a judgment

which condemns them to pay, *in solido*, to the plaintiff, the amount of a promissory note, which, on becoming due, was protested for non-payment. Their defence consists in the allegations, that the consideration for which the note sued on was given, has failed; and that the debt, for which the judgment transferred to them was obtained, has long since been paid and satisfied.

The note sued on, payable two years after its date, recites that it is given "in part payment for two certain judgments this day assigned and transferred (March 24th, 1835), to William P. Hickman and Peter Hickman, against William Hickman; and states, further, that "the transferrer agrees, if any money has been collected on said judgments, that such amounts are to offsett as a credit on this note, and that the certificate of the clerk of the court in and for the county of Hempstead, Territory of Arkansas, will be the proof of such payments."

This suit was instituted on the 2d of November, 1841, that is to say more than four years after the note became due, and the answer was filed on the 27th of the same month. At the November term, 1842, the defendants obtained a continuance of this cause, on their affidavit, stating that they wanted the testimony of a certain witness, residing in the State of Missouri, by whom they expected to prove the failure of consideration of the note, and the fact that the two judgments transferred were paid and satisfied by the witness in the city of Baltimore, acting as the agent of Wm. Hickman. At the May term, 1843, another application for a continuance was made by one of the defendants, on his affidavit that he had not procured the testimony of the witness named in the first affidavit, as he had only ascertained, within a few days, that said witness was a resident of Fayette county, Kentucky, and that, at the preceding term, he had no knowledge of the circumstances connected with this case personally. He adds, further, that he has been unable, until within about two weeks, to ascertain the residence of the witness by whom the facts intended to be shown can be established, and that since this knowledge came to him, he could not, by any possible diligence, have procured the testimony, &c. This affidavit was deemed insufficient by the judge *a quo*, who refused

the continuance; and to this refusal, the defendants took a bill of exceptions.

We think the continuance applied for was properly refused. Far from there being any diligence shown, it appears, on the contrary, that the defendants have been guilty of the greatest negligence in not taking, for the space of several years, the necessary steps to procure the evidence they wanted, under the allegations set up in their answer. The transfer of the judgments said to have been paid and satisfied, was made in March, 1835, which is the date of the note sued on, payable two years afterwards. Said note was not sued on, until more than four years after it became due. After the suit was brought, one year elapsed before any intimation was given to the court, of the defendants intending to take out any commission in order to procure the testimony of an absent witness. They then obtained a continuance for that purpose, but took out no commission. The second affidavit does not show that any diligence was used between the two terms (during six months), to ascertain the residence of the witness. It was the duty of every one of the defendants to use the necessary exertions to bring their evidence before the court, and they have not even attempted to account, in either of their affidavits, for the non-production of tho certificate of the clerk of the court of Hempstead county, State of Arkansas, which, under the specifications of the note sued on, was to be the proof of the payment alleged. Under such circumstances, we cannot say that the defendants were entitled to obtain the continuance applied for.

On the merits, the defendants' counsel has raised a point, in relation to the record not showing that the protest of the note sued on had been recorded by the notary. Here, the original protest was produced in evidence, and does not appear to have been objected to on the trial below. A similar question was presented in the case of *The Canal Bank* v. *Waters*, just decided,* in which we held, that, in the absence of any proof that the pro-

---

* This case is not reported, the court having awarded damages on the appeal, as a frivolous one, taken only for delay.

test was not recorded, we must presume that the notary has complied with the law, by recording the instrument. The same presumption must exist in the present case.

*Judgment affirmed.*